## SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. | Rule 4 (B) Ohio |
|---|---|---|---|
| CV18900309 | D1 CM | 35810296 | |

Rules of Civil
Procedure

21300 MANAGEMENT LTD.     **PLAINTIFF**
       VS

GENFLEX ROOFING SYSTEMS, LLC, ET AL.    **DEFENDANT**

## SUMMONS

GENFLEX ROOFING SYSTEMS, LLC
C/O NATIONAL REGISTERED AGENTS,
INC., STATUTORY AGENT
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

JOSEPH T BURKE
POLITO RODSTROM BURKE LLP

21300 LORAIN ROAD
FAIRVIEW PARK, OH 44126-0000

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

DATE SENT
Jul 3, 2018     By _____
        Deputy _____

COMPLAINT FILED   07/02/2018



CLSSN130

ALL-STATE LEGAL

**EXHIBIT**

A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed:**
**July 2, 2018 16:21**

By: NATHANIEL G. SZEP 0085874

Confirmation Nbr. 1428333

| | |
|---|---|
| 21300 MANAGEMENT LTD. | CV 18 900309 |
| vs. | |
| GENFLEX ROOFING SYSTEMS, LLC, ET AL. | Judge:  STUART A. FRIEDMAN |

Pages Filed:  14

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| 21300 MANAGEMENT LTD.<br>21300 Lorain Road<br>Fairview Park, Ohio 44126,<br><br>Plaintiff<br><br>vs.<br><br>GENFLEX ROOFING SYSTEMS, LLC<br>c/o National Registered Agents Inc.,<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>MILITARY VETERANS ROOFING<br>SERVICES, LLC<br>c/o Douglas C. Weyrick, Statutory Agent<br>111 Harrison Street<br>Magnolia, Ohio 44643,<br><br>Defendants | CASE NO.<br><br>JUDGE<br><br>COMPLAINT<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff 21300 Management Ltd., by and through undersigned

counsel; and, for its Complaint against Defendants Genflex Roofing Systems, LLC and

Military Veterans Roofing Services, LLC, states as follows:

## JURISDICTIONAL STATEMENT

1. Plaintiff 21300 Management Ltd., at all relevant times, was and is a real estate company that owns a commercial building located in the City of Fairview Park, County of Cuyahoga, State of Ohio.

2. Defendant Genflex Roofing Systems, LLC (hereinafter "Genflex"), at all relevant times, was and is a foreign corporation incorporated under the laws of the State of Indiana that produces roofing materials for commercial roofs and sells said materials to customers in the State of Ohio.

3. Defendant Military Veterans Roofing Services, LLC (hereinafter "Roofing Services"), at all relevant times, was and is a roofing company that installs commercial roofs and is located in Summit County, Ohio.

## COUNT ONE - BREACH OF CONTRACT

4. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 through 3 as if fully rewritten herein.

5. On or about April 23, 2015, Defendant Roofing Services furnished Plaintiff with a written proposal to install a new roof on the rear portion of Plaintiff's building located at 21300 Lorain Road, Fairview Park, Ohio 44126. See copy of contract attached hereto and marked Exhibit "A".

6. As Exhibit "A" depicts, Defendant Roofing Services agreed to "[R]emove existing roof system to the existing decking. Install new 2" insulation and adhere new

EPDM membrane." *Id.* Defendant Roofing Services further asserted in its proposal that "[T]his new roofing system will be warranted by the manufacture (sic)." *Id.*

7. As Exhibit "A" depicts, Defendant Roofing Services proposed that it would "[R]emove existing roof system and properly remove from the job site." *Id.*

8. As Exhibit "A" depicts, Defendant Roofing Services proposed that it would "[C]lean and remove debri (sic) from roof decking before insulation is installed." *Id.*

9. As Exhibit "A" depicts, Defendant Roofing Services proposed that it would "[I]nstall one layer of 2" Insulation in the field and neatly around all perimeters and penetrations. A cricket will be placed on roof section C to cause water to head towards roofing gutters." *Id.*

10. As Exhibit "A" depicts, Defendant Roofing Services proposed that it would "[R]oll out manufacture approved .060 mil Reinforced EPDM membrane over prepared surface. On Section C membrane will be fastened in place." *Id.*

11. As Exhibit "A" depicts, Defendant Roofing Services proposed that "[O]verlaying seam will be secured per the manufacture (sic) recommendations." *Id.*

12. As Exhibit "A" depicts, Defendant Roofing Services proposed that "[A]ll curbs and penetrations will be flashed per manufacturer's specification." *Id.*

13. As Exhibit "A" depicts, Defendant Roofing Services proposed that "[A]ll roofing manufacture (sic) specifications will be met to provide the 20 year warranty to be provided." *Id.*

14. As Exhibit "A" depicts, Defendant Roofing Services proposed that "[U]pon completion, a Manufacture (sic) Representative shall conduct a thorough inspection to assure that the membrane roofing system has been installed to meet the manufacturer approval." *Id.*

15. As Exhibit "A" depicts, Defendant Roofing Services proposed that "[A]ll of the above work will be completed meeting the Manufacture (sic) specifications to supply the building owner with the approved warranty system." *Id.*

16. As Exhibit "A" depicts, Defendant Roofing Services proposed that this work would be completed in return for payment of $50,000.00, with 50% due upon signing and 50% due within ten (10) days of completion of the project.

17. As Exhibit "A" depicts, Defendant Roofing Services and Plaintiff entered into an enforceable contract on April 23, 2015 whereby Defendant Roofing Services would perform the work outlined in paragraphs 5 through 17 and provide a roof with a twenty (20) year warranty in return for payment of $50,000.00.

18. Implied in the contract for services between Defendant Roofing Services and Plaintiff was Defendant Roofing Services' agreement to perform the work described in Exhibit "A" in a workmanlike manner.

19. During the course of tear off of the old roof and installation of the new roof, Defendant Roofing Services failed to properly cover the roof between periods of work on the same, leaving the building below vulnerable to the elements.

20. During the course of tear off of the old roof and installation of the new roof, rain entered the building and caused damage to the ceiling, floors, walls, furniture and electronics contained therein.

21. In or around January 6, 2016, Defendant Roofing Services advised Plaintiff that the roof installation was complete and Plaintiff furnished to Defendant Roofing Services the remaining $25,000.00 that was due within ten (10) days of completion.

22. Defendant Roofing Services has breached the subject contract by failing to perform under its terms and by failing to install a roof that protects Plaintiff's building at 21300 Lorain Road, Fairview Park, Ohio 44126, as the roof that Defendant Roofing Services installed leaks each time precipitation falls.

23. Plaintiff reached out to representatives of Defendant Roofing Services on February 19, 2018; February 22, 2018 and March 4, 2018 in an effort to address the deficiencies in the roof that are causing it to leak but representatives of Defendant Roofing Services have refused to respond in a meaningful way.

24. Defendant Roofing Services has breached the subject contract by failing to perform under its terms, failing to perform the duties under the contract in a workmanlike manner and failing to respond to Plaintiff's repeated requests to rectify the breach and repair the roof so that it does not leak into Plaintiff's building.

25. Defendant Roofing Services' breach of the subject contract actually and proximately caused Plaintiff to sustain damages in excess of $25,000.00.

## COUNT TWO - FRAUD

26. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 through 25 as if fully rewritten herein.

27. Defendant Roofing Services, through its agents, knowingly made material misrepresentations of fact to deceive/induce Plaintiff to provide it with $50,000.00 for removal of an old roof and installation of a new roof.

28. The material misrepresentations of fact are included in Exhibit "A" of this Complaint dated April 23, 2015 and include but are not limited to installing 2" of insulation in the field and neatly around all perimetes and penetrations, placing a cricket on roof section C to cause water to head toward roofing gutters, rolling out .060 mil Reinforced EPDM membrane over the prepare surface, flashing all curbs and penetrations and meeting all manufacturer specifications to provide a roof with a twenty (20) year warranty against leaking.

29. Plaintiff reasonably relied to its legal detriment on the material misrepresentations of fact made to him by Defendant Roofing Services by providing $25,000.00 upon execution of the contract and $25,000.00 on or around January 6, 2016 in return for the work described in Exhibit "A".

30. Plaintiff's reliance on the material misrepresentations of fact made to it by Defendant Roofing Services actually and proximately caused damage to Plaintiff in the form of $50,000.00 as well as the damage incurred to the building and contents therein.

31. Defendant Roofing Services made the material misrepresentations of fact described above with actual malice and/or with conscious disregard for the rights and safety of others.

## COUNT THREE - UNJUST ENRICHMENT

32. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 through 31 as if fully rewritten herein.

33. Through its payment of $50,000.00, Plaintiff conferred a benefit onto Defendant Roofing Services.

34. It would be unjust for Defendant Roofing Services to retain the benefit of Plaintiff's $50,000.00 payment, as Defendant Roofing Services did not provide Plaintiff with a roof that protects Plaintiff's building from the elements and/or precipitation.

35. Defendant Roofing Services must refund to Plaintiff the $50,000.00 that was paid in return for a roof with a twenty (20) year warranty against leaking.

## COUNT FOUR - CONSUMER SALES PRACTICES ACT

36. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 through 35 as if fully rewritten herein.

37. This action is for actual damages and attorneys' fees pursuant to the Ohio Consumer Sales Practices Act, Chapter 1345 of the Ohio Revised Code.

38. The Ohio Consumer Sales Practices Act states that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

39. The Ohio Consumer Sales Practices Act also states that "the act or practice of a supplier in representing that the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not," is deceptive.

40. Plaintiff entered into a consumer transaction with Defendants Roofing Services and Genflex whereby in return for $50,000.00 Defendant Roofing Services was to install a roof with a twenty (20) year warranty manufactured by Defendant Genflex.

41. Defendants Roofing Services and Genflex have disseminated false and misleading advertising and information relating to the length of time that their roofs will prevent the elements from leaking into buildings, asserting that their products come with a twenty (20) year warranty when in fact the roof began showing signs of leaking less than one (1) year after its installation.

42. Defendants Roofing Services and Genflex have disseminated false and misleading advertising and information relating to the life of their roofs.

43. Defendants Roofing Services and Genflex manufactured and sold their roofs without informing consumers of the risks of installing the roofs as well as the life of said roofs.

44. Defendants Roofing Services and Genflex placed the desire to increase profits over the desire to honestly represent the limitations of their products to consumers.

45. Defendants Roofing Services and Genflex participated in, assisted, facilitated, aided and abetted and/or knowingly benefitted from the foregoing conduct.

46. Based on the foregoing, Defendants Roofing Services and Genflex engaged in conduct in violation of the Ohio Consumer Sales Practices Act.

47. Plaintiff relied on the representations of Defendants Roofing Services and Genflex when it decided to purchase and have their roof installed.

48. Based on Defendants' actions, Plaintiff has suffered actual damages and injuries as a result of Defendants' unconscionable, unfair or deceptive acts or practices in violation of the Ohio Consumer Sales Practices Act, in an amount to be determined at trial.

WHEREFORE, Plaintiff 21300 Management Ltd. prays that this Honorable Court grant the following relief for its Complaint:

1. On Count One against Defendant Military Veterans Roofing Services, LLC, (A) release from the contract with Military Veterans Roofing Services, LLC and a refund of the payment for the roof installation; and (B) compensatory damages in an amount greater than $25,000.00 to be determined at a trial of this matter.

2. On Count Two against Defendant Military Veterans Roofing Services, LLC, compensatory and punitive damages in an amount greater than $25,000.00 to be determined at a trial of this matter as well as attorney fees.

3. On Count Three against Defendant Military Veterans Roofing Services, LLC, compensatory damages in an amount greater than $25,000.00 to be determined at a trial of this matter.

4. On Count Four against Defendants Military Veterans Roofing Services, LLC and Genflex Roofing Systems, LLC, compensatory and punitive damages in an amount greater than $25,000.00 to be determined at a trial of this matter as well as attorney fees.

5. Costs of this action.

6. Any other equitable relief which this Court deems just.

Respectfully submitted,

/s/ Joseph T. Burke

JOSEPH T. BURKE (0052535)
NATHANIEL G. SZEP (0085874)
POLITO RODSTROM BURKE LLP
21300 Lorain Road
Fairview Park, Ohio 44126
Phone: (440) 895-1234
Facsimile: (440) 895-1233
E-mail: josephtburke@aol.com
        nszep@prblaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff 21300 Management Ltd. hereby demands a trial by jury consisting

of the maximum number of jurors permitted by law as to all triable issues in this action.


/s/ Joseph T. Burke

**JOSEPH T. BURKE**
*One of the Attorneys for Plaintiff*



**Military Veterans Roofing**

Polito, Rodstrom, Burke
Michael G. Polito
Attorney at Law
21300 Lorain Ave
Fairview Park, Ohio
Office# 440/895-1234

We are pleased to provide the reroofing options that you have asked Military Veterans Roofing Services llc. to provide. If awarded this project all work will meet the manufacture specifications to provide the approved the manufacturer warranty that has been suggested.

<u>Summary:</u>
Remove existing roof system to the existing decking. Install new 2" insulation and adhere new EPDM membrane. This new roofing system will be warranted by the manufacture.

<u>Scope of Work Section C:</u>

1. Prior to the start of the project Military Veterans Roofing will meet with owner's representative to complete a pre-job meeting to determine jobsite logistics and assure that all safety policies are adhered to.
2. Remove existing roof system and properly remove from the job site.
3. Clean and remove debri from roof decking before insulation is installed.
4. Install one layer of 2" insulation in the field and neatly around all perimeters and penetrations. A cricket will be placed on roof section C to cause water to head towards roofing gutters.
5. Roll out manufacture approved .060 mil Reinforced EPDM membrane over prepared surface. On Section C membrane will be fastened in place.



PLAINTIFF'S
EXHIBIT
"A"

*wsp FEY*
*4/23/15*

6. Overlaying seam will be secured per the manufacture recommendations.
7. All curbs and penetrations will be flashed per manufacturer's specification.
8. All roofing manufacture specifications will be met to provide the ~~18~~ *20* year warranty to be provided.
9. Job debris will be removed from job site upon completion.
10. Upon completion, a Manufacture Representative shall conduct a thorough inspection to assure that the membrane roofing system has been installed to meet the manufacturer approval.

*All of the above work will be completed meeting the Manufacture specifications to supply the building owner with the approved warranty system.*

# Project Summary

**OPTIONS**
Deck Replacement (Material and Labor Included)          $ 5.00Sq.ft
Removal of Roof Penetrations          Time & Material Cost Basis *FEY*
Wood Nailer          $ 3.50Lnft
*20*          *wsp*
**WARRANTY:**          ~~18~~ Year Warranty          *4/23/15*
Included

**Pricing:**

Section C 7,536 sqft          ~~$ 49,900.00~~          *FEY*
          *20 year*          + 100.00
          *warrantee*          $50,000

**TERMS:**          50% down upon agreement. Remainder net 10 days upon completion.

Thank you for inviting Military Veterans Roofing Services to quote the upcoming project. We are looking forward with the opportunity to work with you this season.

Thank you for this opportunity.

Frank Young
U.S. Marine Corp.
Military Veterans Roofing Services
330/617-6788

RESPONSIBILITY
Military Veterans Roofing Services will remain in contact with the owner's site representative to go over the daily work that is scheduled. Changes in the plan of work will be discussed with the site manager. All debris and material will be removed from the job site at the completion of work.

Contact: *21900 Mqwest LLC*

Approved By: *Michael J. Smith, member*

Date: *4/23/15*