

## NAILAH K. BYRD
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### ANSWER AND COUNTERCLAIM $75
November 28, 2017 17:14

By: MICHAEL G. POLITO 0051930

Confirmation Nbr. 1236070

JOSEPH G. PAULOZZI

vs.

DEREK N. RODSTROM, ET AL

CV 17 886988

**Judge:** MICHAEL P. SHAUGHNESSY

Pages Filed: 23

Electronically Filed 11/28/2017 17:14 / ANSWERS / CV 17 886988 / Confirmation Nbr. 1236070 / CLCCB



**EXHIBIT**

A

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JOSEPH G. PAULOZZI, | CASE NO. CV 17 886988 |
| Plaintiff | JUDGE MICHAEL P. SHAUGHNESSY |
| v. | |
| DEREK N. RODSTROM, et al., | ANSWER AND COUNTERCLAIMS OF DEFENDANTS DEREK N. RODSTROM, MICHAEL G. POLITO AND 21300 MANAGEMENT LTD. |
| Defendants | (TRIAL BY JURY DEMANDED HEREIN) |

Now come Defendants Derek N. Rodstrom (hereinafter "Rodstrom"), Michael G. Polito (hereinafter "Polito") and 21300 Management, Ltd. and, for their Answer to Plaintiff Joseph G. Paulozzi's ("Plaintiff's) Complaint, state as follows:

1. Defendants deny, for lack of knowledge, each and every allegation contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit that Rodstrom is an individual who resides in Fairview Park, Cuyahoga County, Ohio. Further answering, Defendants deny each and every remaining allegation contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Polito is an individual who resides in Lakewood, Cuyahoga County, Ohio. Further answering, Defendants deny each and every remaining allegation contained in paragraph 3 of Plaintiff's Complaint.

1

4. Defendants admit that 21300 Management, Ltd. is an Ohio limited liability company and that its Articles of Organization are a matter of public record with the Ohio Secretary of State but deny each and every remaining allegation contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit that 21300 Management, Ltd. was organized for the purpose of the ownership of real property located at 21300 Lorain Road, Fairview Park, Ohio but deny each and every remaining allegation contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that the initial members of 21300 Management, Ltd. were the Honorable John J. Russo and Michael Polito, but deny that there were any other initial members and further deny each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit that Plaintiff and Rodstrom each purchased a 25% interest in 21300 Management, Ltd. in 2005 but deny each and every remaining allegation contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that the real property commonly known as 21300 Lorain Road, Fairview Park, Ohio was an asset of 21300 Management, Ltd. but deny each and every remaining allegation contained in paragraph 8 of the Plaintiff's Complaint.

9. Defendants admit that Plaintiff, Rodstrom and Polito practiced law under a separate and unrelated entity called Polito, Paulozzi & Rodstrom, LLP, an Ohio limited liability partnership beginning in September 19, 2005, but deny each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

2

10. Defendants admit that Plaintiff sold his complete 25% membership interest in 21300 Management, Ltd. and thereafter Polito owned a 70% membership interest in 21300 Management, Ltd. and Rodstrom owned a 30% membership interest in 21300 Management, Ltd., but deny each and every remaining allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Plaintiff filed a petition in bankruptcy but deny for lack of knowledge each and every remaining allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny for lack of knowledge each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny that any offer was made and further deny each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants admit that Plaintiff withdrew from a law practice known as Polito, Paulozzi, Rodstrom & Burke on or about February 28, 2015 and that Plaintiff has not practiced law

3

in conjunction with Polito or Rodstrom or practiced law within the real property known as 21300 Lorain Road, Fairview Park, Ohio since prior to March 1, 2015. Further answering, Defendants deny each and every remaining allegation contained in paragraph 17 of Plaintiff's Complaint.

18. No Exhibit 3 is attached to the Complaint. Defendants deny for lack of knowledge each and every allegation contained in paragraph 18 of Plaintiff's Complaint.

19. No Exhibit 4 is attached to the Complaint. Defendants deny for lack of knowledge each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that Polito sent an e-mail in an attempt to try settle various disputes that had arisen between Plaintiff and Defendants, but deny that Plaintiff had any interest in 21300 Management, Ltd. at that time or that the e-mail was to "buy out" any interest rather than to resolve a dispute as to whether Plaintiff had any interest in 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny that Plaintiff had any interest in the LLC to purchase and further deny each and every remaining allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that no K-1 has been issued to Plaintiff during the 2015 tax year as Plaintiff was not a member of 21300 Management, Ltd. during that tax year and therefore had no share of income or losses during the 2015 tax year. Further answering, Defendants deny each and every remaining allegation contained in paragraph 22 of Plaintiff's Complaint.

4

23. Defendants admit that Plaintiff sent a demand to Defendants to preserve and make available for inspection certain business records relating to 21300 Management, Ltd., but deny that Defendants had any legal obligation to make such records available to Plaintiff or his counsel and deny that Plaintiff or his counsel had a right to inspect any such records. Further answering, Defendants deny each and every remaining allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants admit that Defendants have not provided the confidential business records of 21300 Management Ltd. for years 2009-2015 to Plaintiff, but deny that Defendants had any legal obligation to make such records available to Plaintiff or his counsel and deny that Plaintiff or his counsel had a right to inspect any such records. Defendants further deny that Polito or Rodstrom have any personal obligation or duty to provide records belonging to 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants admit that Plaintiff, through counsel, sent a letter to Polito and Rodstrom demanding that they provide Plaintiff with a K-1 schedule for 2016, but deny that Plaintiff was a member of 21300 Management, Ltd. in 2016; deny that there was any legal obligation to prepare a K-1 for someone who was not a member of 21300 Management, Ltd; deny that Plaintiff was entitled to a K-1 and deny that Polito or Rodstrom had any personal obligation or duty to provide a K-1 of 21300 Management, Ltd. to Plaintiff. Further answering, Defendants deny each and every remaining allegation contained in paragraph 25 of Plaintiff's Complaint.

5

26. Defendants admit that they did not issue a K-1 to Plaintiff for 2016 as Plaintiff was not a member of 21300 Management, Ltd. in 2016 and therefore had no share of any income or losses in 2016. Defendants further deny that there was any legal obligation to prepare a K-1 for someone who was not a member of 21300 Management, Ltd; deny that Plaintiff was entitled to a K-1 and deny that Polito or Rodstrom had any personal obligation or duty to provide a K-1 to Plaintiff. Further answering, Defendants deny each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit that Rodstrom sent an e-mail to try to resolve various disputes between Plaintiff and Defendants but deny that Rodstrom asked for a demand to purchase Plaintiff's interest in 21300 Management, Ltd. as Plaintiff had no interest in 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants admit that Plaintiff, through his counsel, sent a demand to Defendants to preserve and make available for inspection certain business records relating to 21300 Management, Ltd. but deny that Defendants had any legal obligation to make such records available to Plaintiff or his counsel and deny that Plaintiff or his counsel had a right to inspect any such records pursuant to Section 1705.22 of the Ohio Revised Code. Further answering, Defendants deny each and every remaining allegation contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny that Defendants had any legal obligation to make such records available to Plaintiff or his counsel pursuant to Section 1705.22 and deny that Plaintiff or his counsel

6

had a right to inspect any such records. Defendants further deny that Polito or Rodstrom had any personal obligation or personal duty to provide records belonging to 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 29 of Plaintiff's Complaint.

## Response to Count 1: Declaratory Judgment

30. Defendants incorporate all of their statements, admissions and denials as contained in paragraphs 1 through 29 herein in response to paragraph 30 of Plaintiff's Complaint.

31. Defendants deny each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny that Plaintiff is entitled to any such declaration and deny that Plaintiff is a member of 21300 Management, Ltd. and/or that he has any membership interest in 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 32 of Plaintiff's Complaint.

## Response to County II: Declaratory Judgment.

33. Defendants incorporate all of their statements, admissions and denials as contained in paragraphs 1 through 32 herein in response to paragraph 33 of Plaintiff's Complaint.

34. Defendants deny that Plaintiff is a member of 21300 Management, Ltd. or that he has any membership interest in 21300 Management, Ltd. Defendants further deny that Plaintiff has any right to any information pertaining to 21300 Management, Ltd. pursuant to Section 1705.22 or otherwise, as a matter of law. Further answering, Defendants deny each and every remaining allegation contained in paragraph 34 of Plaintiff's Complaint.

7

35. Defendants deny that Plaintiff is a member of 21300 Management, Ltd. or that he has any membership interest in 21300 Management, Ltd. Defendants further deny that Plaintiff or his designated representative has any right to any information pertaining to 21300 Management, Ltd. Defendants also deny that Polito or Rodstrom have any personal duty to provide Plaintiff with the records of another person named 21300 Management, Ltd. Further answering, Defendants deny each and every remaining allegation contained in paragraph 35 of Plaintiff's Complaint.

## Response to Count III: Accounting.

36. Defendants incorporate all of their statements, admissions and denials as contained in paragraphs 1 through 35 herein in response to paragraph 36 of Plaintiff's Complaint.

37. Defendants deny that Plaintiff was a member of 21300 Management, Ltd. or that he has any membership interest in 21300 Management, Ltd. since the time he sold all of his membership interest on or about September 30, 2008. Defendants further deny that Plaintiff or his designated representative has any right to any information pertaining to 21300 Management, Ltd. for any period of time subsequent to Plaintiff's sale of his membership interest in 2008. Defendants further deny that Plaintiff is entitled to any financial information or other records or any accounting pertaining to 2015, 2016 and/or 2017. Defendants deny each and every remaining allegation contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny each and every allegation in Plaintiff's Complaint that is not expressly admitted herein.

8

## AFFIRMATIVE DEFENSES

39. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as to one or more Defendants.

40. Service of process upon one or more Defendants was insufficient.

41. Plaintiff has failed to join necessary and indispensable parties to this litigation.

42. Plaintiff is not the real party in interest for all or part of the claims being asserted herein.

43. Any relief to which Plaintiff might otherwise be entitled may be barred in whole or in part by the applicable statute of limitations.

44. Any recovery to which Plaintiff might have otherwise been entitled is barred by the doctrines of accord and satisfaction, or compromise and settlement.

45. Any recovery to which Plaintiff might have otherwise been entitled is barred by the doctrines of waiver, latches, release and/or estoppel.

46. Plaintiff has failed to mitigate his damages.

47. Plaintiff's claims are barred by his non-compliance with the terms and conditions of the applicable operating agreement.

48. Plaintiff's claims are barred by a lack of consideration.

49. Plaintiff's claims are barred by the Statute of Frauds.

50. Plaintiff's claims are barred by his non-compliance with Rule 10(D) of the Ohio Rules of Civil Procedure.

51. Plaintiff's claims are barred due to his failure to comply with Section Chapter 17045 of the Ohio Revised Code, *et seq.*

9

## RESERVATION OF RIGHTS

52. Defendants reserve the right to assert additional defenses should further investigation and discovery in this action demonstrate their applicability.

**WHEREFORE**, having fully answered, Defendants Derek N. Rodstrom, Michael G. Polito and 21300 Management, Ltd. pray that the Plaintiff's Complaint be dismissed at Plaintiff's cost and that these Defendants be permitted to go henceforth without delay.

## COUNTERCLAIMS

1. Defendant/Counterclaim Plaintiff Michael Polito ("Polito") and nonparty the Honorable John J. Russo ("Russo") formed Polito and Russo, LLP, an Ohio limited liability partnership, for the purpose of practicing law on or about April 19, 1999.

2. On or about September 9, 1999, Polito and Russo were presented with an opportunity to purchase real property located at 21300 Lorain Road, Fairview Park, Ohio 44126 (the "Property") and did in fact purchase said Property. A copy of said deed is incorporated herein and attached hereto as Exhibit "A".

3. Shortly thereafter on October 4, 1999, Polito and Russo formed 21300 Management, Ltd. for the purpose of owning and managing the Property. A copy of the Articles of Organization for 21300 Management, Ltd. is incorporated herein and attached hereto as Exhibit "B". Additionally, a copy of the Operating Agreement of 21300 Management, Ltd. is incorporated herein and attached hereto as Exhibit "C".

4. Polito owned 50% of the membership interest in 21300 Management, Ltd. and Russo owned the other 50% of the membership interest in 21300 Management, Ltd.

10

5. On or about February 1, 2005, Russo decided to sell his entire 50% membership interest in 21300 Management, Ltd. to Plaintiff/Counterclaim Defendant Joseph G. Paulozzi ("Paulozzi") and to Defendant/Counterclaim Plaintiff Derek N. Rodstrom ("Rodstrom"). A copy of the Purchase Agreement is incorporated herein and attached hereto as Exhibit "D".

6. Following the sale of Russo's membership interest in 21300 Management, Ltd, the membership interest in 21300 Management, Ltd. was as follows: Polito 50%, Rodstrom 25% and Paulozzi 25%.

7. As part of the Purchase Agreement, Rodstrom and Paulozzi were each required to pay $50,000.00 to Russo for the purchase of their respective 25% membership interests in 21300 Management, Ltd.

8. To further this payment, 21300 Management, Ltd. took out a loan from Bank One in the principal amount of One Hundred Thousand Dollars ($100,000.00) and assigned 50% of the debt to the capital account of Paulozzi and 50% of the debt to the capital account of Rodstrom. A copy of the Settlement Statement is incorporated herein and attached hereto as Exhibit "E".

9. The Purchase Agreement stated "All requisite corporate action to approve, execute, deliver and perform this Agreement and each of the other agreements and instruments to be executed and delivered by Seller in connection herewith has or will be taken by the Members of 21300 Management, Ltd. prior to Closing."

10. The Purchase Agreement also stated:

11

Approvals. All consents, approvals, authority and other requirements prescribed by any law, rule or regulation, or any contract, operating agreement, commitment or undertaking, which must be obtained or satisfied by Seller for the consummation of the sale and transfer of the Assets contemplated by this Agreement have been obtained and satisfied, or will be obtained and satisfied on or prior to the Closing Date.

11. On or about September 19, 2005, Polito, Rodstrom and Paulozzi began practicing law together pursuant to a separate and unrelated entity called Polito, Paulozzi & Rodstrom, LLP, an Ohio limited liability partnership.

12. In 2008, Paulozzi began having financial troubles and contemplated filing a bankruptcy petition.

13. Prior to filing for bankruptcy, Paulozzi entered into a Purchase Agreement on or about September 30, 2008 to sell his 25% interest in 21300 Management, Ltd. to Polito and Rodstrom. A copy of said Purchase Agreement is incorporated herein and attached hereto as Exhibit "F".

14. At the time of the sale to Polito and Rodstrom, Paulozzi owned a 25% membership interest in 21300 Management, Ltd. and owed 21300 Management, Ltd. Forty-Three Thousand One Hundred Ninety-One Dollars and Sixty-Nine Cents ($43,191.69).

15. The parties agreed that Paulozzi would assign his 25% interest to Polito and Rodstrom and Paulozzi would be released from his debt to 21300 Management, Ltd.

16. Following the assignment, Polito owned a 70% membership interest in 21300 Management, Ltd. and Rodstrom owned a 30% membership interest.

17. The Purchase Agreement contained a representation of Paulozzi that:

12

Electronically Filed 11/28/2017 17:14 / ANSWERS / CV 17 886988 / Confirmation Nbr. 1236070 / CLCCB

> Neither the execution and the delivery of this Agreement, nor the consummation of the transaction contemplated hereby, will conflict with, result in a breech of, constitute a default under, or require any notice or consent (except for that which has already been given or obtained) under any agreement, contract, instrument, or other arrangement to which Seller is a party and to which any of Seller's Membership Interests are subject.

18. On or about October 31, 2008, Paulozzi filed for bankruptcy and disclosed that he had assigned his 25% interest in 21300 for forgiveness of his debt to 21300 Management, Ltd. in the amount of Forty-Three Thousand One Hundred Ninety-One Dollars and Sixty-Nine Cents ($43,191.69), for which he was personally liable. A copy of the applicable page of Paulozzi's bankruptcy petition is incorporated herein and attached hereto as Exhibit "G".

19. The date of discharge of Paulozzi's bankruptcy was March 5, 2009 and the bankruptcy proceeding terminated on May 20, 2009. A copy of the bankruptcy docket is incorporated herein and attached hereto as Exhibit "H".

20. At no time in the bankruptcy case did Paulozzi claim that he had ownership of any membership interest in 21300 Management, Ltd.

21. In 2015, the cost of the malpractice insurance of Polito, Paulozzi & Rodstrom, LLP skyrocketed because Paulozzi had a malpractice claim made against him.

22. A fundamental difference of opinion occurred between Polito, Paulozzi and Rodstrom as to whether or not Paulozzi should bear the full increase in the premium due to the malpractice claim against him or whether the cost should be split equally.

23. This dispute over the malpractice insurance costs lead to Paulozzi withdrawing from Polito, Paulozzi, Rodstrom & Burke LLP on or about February 28, 2015.

13

24. Pursuant to the Operating Agreement, in order to become a member of 21300 Management, Ltd. there must be a unanimous consent of the current members, the Operating Agreement must be amended to show the new membership interest, the new member must execute written documents showing his acceptance of an offer to become a member and the transfer of said interest, and the new member must sign an agreement to be bound by the Articles and the Operating Agreement of 21300 Management, Ltd. See Exhibit "C" at Article 8, Section 1.

25. Shortly after leaving the aforementioned law practice, Paulozzi began claiming that he was a 25% member of 21300 Management, Ltd. despite the fact that he had not paid any capital contribution, had not paid 25% share of the expenses of the company, had not obtained approval to become a new member from the current members of the company, the Operating Agreement was not updated to reflect any transfer of membership interest, Paulozzi had not signed any document agreeing to be bound by the terms and conditions of the Operating Agreement and no written document transferring any such share existed.

26. Even if Paulozzi could have somehow obtained a membership interest in 21300 Management, Ltd. in contravention to the terms and conditions of the Operating Agreement and without any consideration for same, *which he could not*, Paulozzi would have been immediately removed as a member due to his failure to pay the requisite share of the company's expenses and/or his failure to pay the required capital contribution and/or due to numerous other breaches of the Operating Agreement pursuant to the terms and conditions of the Operating Agreement.

14

**COUNT 1: Declaratory Judgment**

27. Defendants/Counterclaim Plaintiffs incorporate by reference all of the allegations from the preceding paragraphs as if fully re-alleged herein.

28. A real controversy has thus arisen between the parties as Paulozzi is claiming to hold a membership interest in 21300 Management, Ltd., which effectively reduces Polito's and Rodstrom's ownership interests. Additionally, Paulozzi's claim is contrary to the terms and conditions of the Operating Agreement as well as his own actions as he has neither paid any consideration for any such interest nor paid for 25% of the expenses associated with any such alleged interest. Without a declaratory judgment, Defendants/Counterclaim Plaintiffs will be permanently and irreparably harmed as their membership interests will be diluted and persons can add themselves as new members without consideration and without following the terms and conditions contained in the Operating Agreement and without paying for their share of the expenses. Pursuant to Section 2721 of the Ohio Revised Code and Rule 57 of the Ohio Rules of Civil Procedure, Defendants/Counterclaim Plaintiffs are entitled to declaratory judgment that:

   a. Paulozzi sold all of his membership interest in 21300 Management, Ltd. on September 30, 2008;

   b. Subsequent to September 30, 2008 Paulozzi never provided any agreed consideration for a 25% interest in 21300 Management, Ltd.;

   c. Subsequent to September 30, 2008 Paulozzi never received consent from Polito and Rodstrom to allow Paulozzi to become a member of 21300 Management, Ltd.;

15

d. Subsequent to September 30, 2008 Paulozzi never signed any document agreeing to be bound by the terms and conditions of the Operating Agreement;

e. Subsequent to September 30, 2008 Paulozzi never signed any document which evidenced any transfer of any membership interest in 21300 Management, Ltd., as required to transfer interests in said company pursuant to the terms and conditions contained in the Operating Agreement;

f. Subsequent to September 30, 2008 Paulozzi has not contributed 25% of the property taxes nor mortgage payments pertaining to 21300 Management Ltd. and has not paid for 25% of the repairs to the premises.

g. Paulozzi does not own any membership interest in 21300 Management, Ltd. and has not owned any such interest since he sold same on September 30, 2008.

## COUNT II: Breach of Contract

29. Defendants/Counterclaim Plaintiffs incorporate by reference all of the allegations from the preceding paragraphs as if fully re-alleged herein.

30. Paulozzi, Polito and Rodstrom entered into a written Purchase Agreement in which Paulozzi was to sell 100% of his 25% membership interest in 21300 Management, Ltd.

31. Defendants/Counterclaim Plaintiffs did not breach the Purchase Agreement.

32. If Paulozzi is claiming to be a member of 21300 Management, Ltd. after September 30, 2008, then Paulozzi breached the Purchase Agreement by failing to transfer 100% of his 25% membership interest in 21300 Management, Ltd.

16

Electronically Filed 11/28/2017 17:14 / ANSWERS / CV 17 886988 / Confirmation Nbr. 1236070 / CLCCB

33. As a direct and proximate cause of Paulozzi's breach of the Purchase Agreement, Defendants/Counterclaim Plaintiffs have been damaged and continue to be damaged in an amount to be determined at trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

### COUNT III: Breach of Contract

34. Defendants/Counterclaim Plaintiffs incorporate by reference all of the allegations from the preceding paragraphs as if fully re-alleged herein.

35. In the event that Paulozzi is found to be a member or claims to have become a member of 21300 Management, Ltd. after September 30, 2008, *which he is not*, Paulozzi would be subject to the terms and conditions of the Operating Agreement.

36. If Paulozzi claims to have become a member of 21300 Management, Ltd. subsequent to September 30, 2008, Paulozzi has breached the Operating Agreement, among other ways, by:

    a. Admitting himself as a member without the unanimous consent of Polito and Rodstrom;

    b. Failing to have the Schedule of Membership Interests updated due to any alleged transfer of 25% membership interest to himself;

    c. Failing to have any such alleged transfer reflected in a signed writing as required by the Operating Agreement;

    d. Failing to execute any written agreement agreeing to be bound by the terms and conditions of the Operating Agreement as required therein;

17

e. Holding Polito and/or Rodstrom personally liable merely because they are members of 21300 Management, Ltd.;

f. Failing to make any Initial Capital Contribution or any Addition Contribution as required in the Operating Agreement;

g. Failing to be expelled for failure to make a Capital Contribution and/or for breaching the Operating Agreement; and/or

h. Failing to allow net losses/expenses to be allocated to Paulozzi and/or failing to pay same.

37. Defendants/Counterclaim Plaintiffs did not breach the Operating Agreement.

38. As a direct and proximate cause of Paulozzi's breach of the Operating Agreement, Defendants/Counterclaim Plaintiffs have been damaged and continue to be damaged in an amount to be determined at trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

## COUNT IV: Fraud

39. Defendants/Counterclaim Plaintiffs incorporate by reference all of the allegations from the preceding paragraphs as if fully re-alleged herein.

40. Paulozzi sold his entire membership interest in 21300 Management, Ltd. on September 30, 2008, shortly before filing for bankruptcy on October 31, 2008.

41. At no time during the bankruptcy proceedings did Paulozzi claim to have any ownership interest in 21300 Management, Ltd.

18

42. Paulozzi has not paid a capital contribution equivalent to a 25% interest in 21300 Management, Ltd. nor has he paid 25% of the expenses associated with a 25% membership interest in 21300 Management, Ltd.

43. Paulozzi is now claiming to have purchased a 25% membership interest in 21300 Management, Ltd. despite his prior material representations to the contrary to Defendants/Counterclaim Plaintiffs, the Bankruptcy Court and to creditors.

44. Paulozzi's representations to the Bankruptcy Court and to Defendants/Counterclaim Plaintiffs that he sold 100% of his interest in 21300 Management, Ltd. and that he was not a member of said LLC are material.

45. Paulozzi's new representations to Defendants/Counterclaim Plaintiffs and others that he is a 25% member of 21300 Management, Ltd. and that he has paid his share of all expenses of the LLC are material and false.

46. Plaintiff's representations to Defendants/Counterclaim Plaintiffs that he was not a member of 21300 Management Ltd. and that he had sold his entire interest were each made with the intention of misleading Defendants/Counterclaim Plaintiffs into relying on same.

47. Defendants/Counterclaim Plaintiffs justifiably relied upon Paulozzi's representations that he was selling his entire interest in 2008 and that he did not own any membership interest in 21300 Management, Ltd., each of which were material representations.

19

Electronically Filed 11/28/2017 17:14 / ANSWERS / CV 17 886988 / Confirmation Nbr. 1236070 / CLCCB

48. If Paulozzi is found to be a member of 21300 Management, Ltd. or claims to be a member of 21300 Management, Ltd, each of Paulozzi's aforementioned representations would be material and false.

49. Paulozzi knew or should have known that his representations were not true when he made them but made said representations anyway with the intention of misleading Defendants/Counterclaim Plaintiffs into relying on same.

50. As a direct and proximate cause of Paulozzi's fraud, Defendants/Counterclaim Plaintiffs have been damaged and continue to be damaged as their membership interest in 21300 Management, Ltd. has been diluted and reduced, they have paid more than their share of expenses and are personally liable for matters in which Plaintiff will reap the benefits without having to shoulder his share of any burdens.

51. As a direct and proximate cause of Paulozzi's fraud, Defendants/Counterclaim Plaintiffs have been damaged and continue to be damaged in an amount to be determined at trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

52. Paulozzi's conduct was willful, malicious, oppressive, constituted egregious fraud and was made in bad faith, entitling Defendants/Counterclaim Plaintiffs to their expenses of litigation, including attorney fees.

53. Paulozzi's conduct showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care, which would raise the presumption of conscious indifference to consequences. Defendants/Counterclaim Plaintiffs are therefore entitled to an award of punitive damages.

20

**WHEREFORE**, Defendants/Counterclaim Plaintiffs Derek N. Rodstrom, Michael G. Polito and 21300 Management, Ltd. demand judgment against Plaintiff/Counterclaim Defendant Joseph G. Paulozzi, as follows:

a. A declaratory judgment that: (1) Paulozzi sold all of his membership interest in 21300 Management, Ltd. on September 30, 2008; (2) subsequent to September 30, 2008 Paulozzi never provided any agreed consideration for a 25% interest in 21300 Management, Ltd; (3) subsequent to September 30, 2008 Paulozzi never received consent from Polito and Rodstrom to allow Paulozzi to become a member of 21300 Management, Ltd.; (4) subsequent to September 30, 2008 Paulozzi never signed any document agreeing to be bound by the terms and conditions of the Operating Agreement; (5) subsequent to September 30, 2008 Paulozzi never signed any document which evidenced any transfer of any membership interest in 21300 Management, Ltd., as required to transfer interests in said company pursuant to the terms and conditions contained in the Operating Agreement; (6) subsequent to September 30, 2008 Paulozzi has not contributed 25% of the property taxes or mortgage payments pertaining to 21300 Management Ltd. and has not paid for 25% of the repairs to the premises; and (8) Paulozzi does not own any membership interest in 21300 Management, Ltd. and has not owned any such interest since he sold same on September 30, 2008;

b. Compensatory damages in an amount to be determined at trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00), including additional damages that occur subsequent to the filing of the Complaint herein;

21

Electronically Filed 11/28/2017 17:14 / ANSWERS / CV 17 886988 / Confirmation Nbr. 1236070 / CLCCB

c. Punitive damages;

d. Reasonable attorney fees;

e. Pre- and post-judgment interest;

f. The costs of this action; and/or

g. Any other relief which this Court deems just and equitable.

Respectfully submitted,

/s/ Michael G. Polito

**MICHAEL G. POLITO (0051930)**
**DEREK N. RODSTROM (0067113)**
**POLITO RODSTROM BURKE LLP**
21300 Lorain Road
Fairview Park, Ohio 44126
Phone: (440) 895-1234
Facsimile: (440) 895-1233
E-mail: mpolito@prblaw.com
E-mail: drodstrom@prblaw.com
*Attorneys for Defendants*

## JURY DEMAND

A trial by jury is hereby demanded on all issues herein.

/s/ Michael G. Polito

**MICHAEL G. POLITO (0051930)**
*One of the Attorneys for Defendants*

22

<u>**CERTIFICATE OF SERVICE**</u>

The foregoing Answer and Counterclaims of Defendants Derek N. Rodstrom, Michael G. Polito and 21300 Management, Ltd. was filed electronically with the Court and provided via the Court's electronic filing system this 28th day of November, 2017 to the following:

Jeffrey W. Krueger, Esq.
P. O. Box 360135
Cleveland, Ohio 44136
*Attorney for Plaintiff*

/s/ Michael G. Polito

**MICHAEL G. POLITO**
*One of the Attorneys for Defendants*

23