UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
21300 MANAGEMENT LTD.,            :         CASE NO. 1:18-cv-1619
:
    Plaintiff,                    :
:
vs.                               :         OPINION & ORDER
:         [Resolving Doc. 7]
GENFLEX ROOFING SYSTEMS, et al., :
:
    Defendants.                   :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendant Genflex Roofing Systems ("Genflex") removed this case from state court on July 13, 2018.[1] It subsequently amended the notice of removal two times.[2]

    On August 10, 2018, Plaintiff 21300 Management Ltd. moved to remand the case to the state court for lack of subject-matter jurisdiction.[3] Defendant Genflex opposes this motion.[4]

    Under 28 U.S.C. § 1441(a), a defendant may remove a civil case brought in state court if the plaintiff could have originally sued in federal court.

    Once the defendant files a notice of removal, the plaintiff may move to remand the case to state court by contesting the basis of the federal court's subject-matter jurisdiction. Where the only claimed jurisdiction is diversity jurisdiction, the defendant opposing remand bears the burden of proving the complete diversity of citizenship and amount-in-controversy requirements.[5] "All doubts as to the propriety of removal are resolved in favor of remand."[6]

---

[1] Doc. 1.
[2] Docs. 2, 9.
[3] Doc. 7. Defendant Genflex opposes. Doc. 10. Plaintiff 21300 Management Ltd. replies. Doc. 11.
[4] Doc. 10.
[5] See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co., 621 F.3d 554, 559 (6th Cir. 2010) ("The party invoking federal court jurisdiction—in this case, Deutsche Bank, as removing party—has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." (citing Hertz Corp. v. Friend, 559 U.S. 77, 96–97 (2010))).
[6] Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999).

Case No. 1:18-cv-1619
Gwin, J.

If the federal court determines that it lacks subject-matter jurisdiction over the removed case, it must remand the case back to the state court.[7]

Defendant Genflex only claims diversity jurisdiction. And it fails to show that the complete diversity requirement is satisfied.[8]

Complete diversity requires that "the citizenship of each plaintiff [be] diverse from the citizenship of each defendant."[9] "[T]here must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed."[10] Moreover, the diverse citizenship "must be readily ascertainable from the face of the pleading."[11]

Defendant Genflex's notices of removal,[12] including the state court complaint therein, do not indicate that each plaintiff's citizenship is diverse from each defendant's. Instead, they appear to indicate that Plaintiff 21300 Management and Defendant Military Veterans Roofing Services, LLC ("Roofing Services") are both citizens of the State of Ohio.[13] Complete diversity therefore is not

---

[7] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[8] Because complete diversity of citizenship is lacking, the Court need not reach Plaintiff's argument that the amount in controversy does not exceed $75,000. *See, e.g.*, Doc. 7 at 12–13.

[9] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996) ("In *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806), this Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. We have adhered to that statutory interpretation ever since." (citation omitted)).

[10] *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999) (citing *Easley v. Pettibone Mich. Corp.,* 990 F.2d 905, 908 (6th Cir.1993)).

[11] *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir. 1993); *Praisler v. Ryder Integrated Logistics, Inc.,* 417 F. Supp. 2d 917, 920 (N.D. Ohio 2006) (quoting *Tech Hills,* 5 F.3d at 968) (explaining that the rule applies to citizenship).

[12] Because the Notice of Removal (Doc. 1) by itself contains even less information than the later notices, the Court does not decide whether it may only consider the first Notice of Removal, but not the later notices, in making this determination. *See Jerome-Duncan,* 176 F.3d at 907 (requiring "complete diversity of citizenship both at the time that the case is commenced and *at the time that the notice of removal is filed*" (citing *Easley,* 990 F.2d at 908) (emphasis added)). Even considering the later notices, Defendant Genflex has not shown complete diversity.

[13] Defendant Genflex attempts to support its assertion from the first two notices that Plaintiff 21300 Management Ltd., which is a limited liability company, is a citizen of the State of Ohio. *See* Second Amended Notice of Removal, Doc. 9; Notice of Removal, Doc. 1 ¶ 2 ("This case involves citizens of different states because at all times pertinent: Plaintiff, 21300 Management Ltd., is an Ohio limited-liability company with its principal place of business in Ohio. (See complaint and attached Articles of Organization, Exhibit B) . . . ."). It provides pleadings from another case, one of which contains admissions by the defendants that they are members of 21300 Management Ltd. and that they reside in Ohio. *See* Exhibit A: Answer and Counterclaim, Doc. 9-1 ¶¶ 2–7, 10.

As for Defendant Military Veterans Roofing Services, LLC, Defendant Genflex simply states in the first two notices of removal that Defendant Roofing Services is an "Ohio-based entity," and then dismisses the company as irrelevant under section 1441(b) because the company had not been served. *See* Notice of Removal, Doc. 1 ¶ 2 ("Military Veterans Roofing Services, LLC is an Ohio-based entity (see complaint) but has not been served and thus may be disregarded for removal purposes under 28 U.S.C. §1441(b) . . . ."). Moreover, the state court complaint states that

"readily ascertainable from the face of the pleading."[14]

Defendant Genflex's arguments relying on section 1441(b)(2)[15] misunderstand this section's function. As is evident from its plain language, section 1441(b)(2) places limits on actions that are "*otherwise removable* solely on the basis of [diversity jurisdiction]."[16] Diversity jurisdiction therefore must independently exist under section 1441(a) before the section 1441(b)(2) inquiry involving resident parties in interest "properly joined and served" as defendants can take place.[17] Because the pleadings, not service of process, determines complete diversity,[18] Defendant Roofing Services' Ohio citizenship defeats diversity jurisdiction.

For these reasons, the Court lacks subject-matter jurisdiction over the action, and **REMANDS** the case to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

Dated: September 5, 2018    *s/     James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

"Defendant [Roofing Services] at all relevant times, was and is a roofing company that installs commercial roofs and is located in Summit County, Ohio." Exhibit A: State Court Complaint, Doc. 1 ¶ 3.
  It is therefore far from clear from the face of the pleading that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See Tech Hills*, 5 F.3d at 968; *Praisler*, 417 F. Supp. 2d at 920.
  [14] *See Tech Hills*, 5 F.3d at 968; *Praisler*, 417 F. Supp. 2d at 920.
  [15] Section 1441(b)(2) states the following: "A civil action otherwise removable solely on the basis of [section 1332(a) diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).
  Defendant Genflex interprets this provision to mean that "only defendants who have been served at the time of removal are considered when determining the propriety of removal," Doc. 10 at 1–2—in other words, when determining whether complete diversity of citizenship exists. Because Plaintiff had not yet served Defendant Roofing Services when Defendant Genflex removed the action, *see* Notice of Removal, Doc. 1 ¶ 2, Defendant Genflex argues that its co-defendant's Ohio citizenship is irrelevant to the propriety of removal, *see* Doc. 10 at 1–4.
  [16] *See* 28 U.S.C. § 1441(b)(2) (emphasis added).
  [17] Many of the cases cited by Defendant Genflex support this very point. The courts had already determined that complete diversity existed before turning to the question of whether the presence of an unserved resident defendant defeats removal under section 1441(b)(2). *See* Doc. 10 at 2–3 (citing cases).
  [18] *See Finley v. Higbee Co.*, 1 F. Supp. 2d 701, 703 (N.D. Ohio 1997) ("Defendants are correct that case law supports the proposition that the failure to serve a defendant who would defeat diversity 'does not permit a court to ignore that defendant in determining the propriety of removal.'" (citations omitted)). *See also Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." (citations omitted)).